


**IT IS ORDERED as set forth below:**

**Date: November 9, 2021**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE: CASE NUMBER: 16-55226-PWB

ANGELA ALEXANDRA CADENA-LITTLE, CHAPTER 7

JUDGE BONAPFEL

Debtor.

---

TAMARA MILES OGIER as Chapter 7 Trustee,

Plaintiff,

v.

ANGELA ALEXANDRA CADENA-LITTLE, STEVEN A. LITTLE, et. al.,

Defendants.

ADVERSARY PROCEEDING NO. 18-5015

---

**ORDER LIFTING STAY AND SCHEDULING ORDER**

In this adversary proceeding, No. 18-5015-PWB, Tamara Miles Ogier, the chapter 7 trustee in the case of Angela Alexandra Cadena-Little, seeks an order under 11 U.S.C. § 363(h) to sell the interests of both Ms. Cadena-Little and her former husband, Steven A. Little, in a residence they own as joint tenants with right of survivorship, 9117 Fairfield Approach, Jonesboro, Georgia. After a trial on this issue, the Court took the matter under advisement.

On November 14, 2019, Mr. Little filed a petition for relief under chapter 7 in this Court, Case No. 19-68348. The interim trustee in Mr. Little's case was S. Gregory Hays.

The filing of Mr. Little's petition operated as an automatic stay of this adversary proceeding because Trustee Ogier is seeking to exercise control over property of the estate in Mr. Little's case. 11 U.S.C. § 362(a)(3). In addition, the automatic stay prevents continuation of the adversary proceeding to the extent that it seeks to recover on any claim against Mr. Little that arose prior to the filing of his case. § 362(a)(1).

Because the adversary proceeding involves property of Mr. Little's estate and the trustee in his case was the representative of that estate, 11 U.S.C. § 323(a), the Court by order entered on November 27, 2019, the Court stayed this adversary proceeding to permit Mr. Little's trustee to have the opportunity to participate in the adversary proceeding and be heard with regard to the relief that Trustee Ogier seeks.

Mr. Hays did not move to intervene in this proceeding. He filed a Report of No Distribution in Mr. Little's bankruptcy case on September 30, 2020. Mr. Little received a discharge on January 28, 2021. The closing of Mr. Little's bankruptcy case without administration of whatever rights he has in the real property that is the subject of this adversary proceeding resulted in the revesting of those rights in him. 11 U.S.C. § 554(c).

The entry of Mr. Little's discharge and closing of the case resulted in termination of the automatic stay in his case. 11 U.S.C. § 362(c).

Accordingly, it is appropriate for the Court to terminate the stay its earlier order imposed so that Trustee Ogier's claims with regard to the sale of the property may be resolved.

The Court in its earlier order advised the parties that it would take judicial notice of the filing of Mr. Little's bankruptcy case on its own motion and that it would reopen the record in this adversary proceeding to permit the parties to provide additional evidence and legal argument with regard to the effect of the filing of Mr. Little's chapter 7 filing on the determination of the § 363(h) issue.

On November 4, 2021, the Court conducted a status conference in this adversary proceeding at which Trustee Ogier and Mr. Little, now proceeding pro se, appeared. At the hearing, Mr. Little advanced arguments in opposition to granting the relief that Trustee Ogier requests.

In accordance with the Court's previous order and its rulings at the status conference, it is hereby **ORDERED** as follows:

1. The stay imposed by this Court's earlier order is terminated.

2. On or before November 29, 2021, Mr. Little may supplement the record in this proceeding with additional evidence and legal argument and serve a copy on Trustee Ogier.

3. On or before December 9, 2021, Trustee Ogier may file a response to Mr. Little's supplement and may provide additional evidence and legal argument as

appropriate in view of Mr. Little's supplement. Trustee Ogier shall send a copy of her response to Mr. Little by email at the email address he supplies to her.

4. On or before December 16, 2021, Mr. Little may file a reply to Ms. Ogier's response and shall serve a copy on her.

5. As the Court stated in its previous order, the filing of Mr. Little's chapter 7 case may be a material fact with regard to whether the Court should grant relief under § 363(h), and the Court on its own motion will take judicial notice of Mr. Little's chapter 7 case in its determination of the § 363(h) issue in this proceeding. The parties may, therefore, provide additional evidence and legal argument with regard to the effect of Mr. Little's chapter 7 filing on the determination of the § 363(h) issue in their supplemental papers.

6. After the time for the parties to file supplemental papers has expired, the Court will schedule a further evidentiary hearing if necessary to determine disputed issues of fact that are material to the relief that Trustee Ogier seeks. Otherwise, the Court will proceed to determine those issues.

The Clerk is directed to mail a copy of this Order to Mr. Little and all parties and counsel of record in this adversary proceeding.

**[End of Order]**