

**IT IS ORDERED as set forth below:**

Date: February 14, 2022

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| ANGELA ALEXANDRA CADENA-LITTLE, | : | Case No. 16-55226-pwb |
| Debtor. | : | |
| _____ | : | |
| | : | |
| TAMARA MILES OGIER, as Chapter 7 Trustee, | : | |
| Plaintiff, | : | |
| vs. | : | Adv. No. 18-05015-pwb |
| | : | |
| ANGELA ALEXANDRA CADENA-LITTLE, et al., | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER REOPENING EVIDENCE AND NOTICE OF
STATUS AND SCHEDULING CONFERENCE**

Angela Alexandra Cadena-Little, the debtor in Case No. 16-55226 filed on November 24,

2016, owns an interest in a residence known as 9117 Fairfield Approach, Jonesboro, Georgia

(the "Residence") as a joint tenant with rights of survivorship with Steven A. Little.  Tamara

Miles Ogier, the trustee in her Chapter 7 case, filed this adversary proceeding seeking authority to sell both the estate's and Mr. Little's interests in the Residence pursuant to 11 U.S.C. § 363(h).

The Court conducted a trial on November 7, 2019, and took the matter under advisement. A week later, Mr. Little filed his own Chapter 7 case, No.19-68348, in which S. Gregory Hays was the trustee. By order entered on November 27, 2019, the Court stayed this adversary proceeding to permit Mr. Hays to participate in this proceeding. [ 58]. Mr. Hays filed a notice of intent to sell the interest of Mr. Little's estate in the property [60], which would effectively moot the need for the Court to address the § 363(h) issue.

On September 30, 2020, however, Mr. Hays filed a Report of No Distribution in Mr. Little's case. On January 28, 2021, the Court entered an order granting a discharge to Mr. Little and closing his case. [Case No. 19-68348, [59]]. No one filed anything in this adversary proceeding about Mr. Hays's decision not to sell the interest of Mr. Little's estate.

The Court scheduled a status conference for November 4, 2021. [66]. Mr. Little continued to oppose the Trustee's sale of his interest in the property.

In accordance with the Court's determinations at the status conference, the Court on November 19, 2021, entered an order that: (1) terminated the stay in this proceeding; (2) provided Mr. Little the opportunity to supplement the record with additional evidence and legal argument in support of his position; and (3) permitted the Trustee to respond to Mr. Little's supplement and provide additional evidence and legal argument. [68].

The Order provided that, after expiration of the time for filing supplemental papers, the Court would either "schedule a further evidentiary hearing if necessary to determine disputed issues of fact that are material to the relief that Trustee Ogier seeks" or proceed to determine the issues. [68 at 4].

2

The only issue in this proceeding was, and remains, whether, as § 363(h)(3) requires, the benefit to the estate of a sale of Mr. Little's interest in the residence outweighs the detriment, if any, to Mr. Little. The Court is unable to make this determination on the current record.

The Court's decision necessarily requires a determination of the benefit to the estate of the Trustee's proposed sale. This involves consideration of how much creditors will receive. *See Pettie v. Kerr (In re Lawton Kerr),* No. 1:20-CV-3721-MHC (N.D. Ga. Aug. 30, 2021).

Quantification of the benefit to the estate necessarily begins with an assessment of the value of the Residence. The Court will not make this determination on the current record in view of the facts that the valuation evidence at the trial over two years ago does not reflect its current value and Mr. Little's contentions that the property requires extensive repairs that will adversely affect the net proceeds available to the estate.

In addition, the determination requires determination of likely administrative expenses that must be paid. This requires updated evidence with regard to the current situation.

The assessment of the detriment to Mr. Little requires a determination of the likelihood that, if the property is not sold, the mortgage lender will foreclose. If a foreclosure sale is likely, the Trustee's sale instead will not harm Mr. Little at all, because he would not retain his interest in any event. Mr. Little now contends that foreclosure is no longer imminent.

For these reasons, the Court will reopen the evidence to permit the parties to present evidence with regard to the current situation.

It is, therefore ORDERED AND NOTICE IS HEREBY GIVEN that the Court shall hold a status conference on **March 3, 2022**, at **11:00 a.m**. The hearing shall be conducted via Zoom.gov using Judge Bonapfel's Virtual Hearing Room. A link to connect to Judge Bonapfel's Virtual Hearing Room is available on his webpage at

https://www.ganb.uscourts.gov/content/honorable-paul-w-bonapfel. Please join the virtual room 10 minutes prior to the hearing. If you experience difficulty in connection, please contact the law clerk via email at Beth_Harrill@ganb.uscourts.gov or by telephone at (404) 215-1020.

At the status conference, the Court will consider whether the parties require discovery prior to trial, any documents the parties expect to introduce, and identification of witnesses that the parties will call and may call, the scheduling of a trial, and any other matters appropriate to the resolution of the issues.

## [END OF ORDER]

**Distribution List**

Tamara Miles Ogier
Ogier, Rothschild & Rosenfeld PC
P. O. Box 1547
Decatur, GA 30031

Kathleen Steil
Ogier, Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, GA 30031

Steven A. Little
9117 Fairfield Approach
Jonesboro, GA 30236

Andres H. Sandoval
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303

Kathlyn Flora Ibrahim Fouad Khashan
LOGS Legal Group LLP
Suite 300
211 Perimeter Center Parkway, N.E.
Atlanta, GA 30346